**NEW ENGLAND FOUNDATION CO., Inc.**
**v. F. H. McGRAW & CO.**

Civ. A. No. 1369.

United States District Court
D. Rhode Island.

May 6, 1953.

Hinckley, Allen, Salisbury & Parsons, Providence, R. I. (Matthew W. Goring and Stephen B. Ives, Jr., Providence, R. I., of counsel), for plaintiff.

Arcaro & Belilove, Providence, R. I. (Abraham Belilove, Providence, R. I., of counsel), for defendant.

GIBSON, District Judge.

The plaintiff has moved for a summary judgment against the defendant of $10,-705.30, together with interest thereon from August 21, 1951, and costs. The complaint in this case alleges that on August 8, 1950, the plaintiff and defendant entered into a written contract providing for the construction of certain pile and caisson foundations at the Bucklin Point Sewage Treatment Plant in East Providence, Rhode Island. The plaintiff's complaint alleges complete performance on its part of all its obligations under the contract.

An analysis of the contract which was executed between the parties shows that, as far as this dispute is concerned, $18,732 was to be paid by the defendant to the plaintiff for the erection of the pile and caisson foundation for the "By-Pass and Effluent Channel".

The plaintiff alleges, in its complaint, that under the terms of the contract, the defendant was entitled to deduct from the $18,732 the sum of $5,801.09 for linear feet of piles and caissons, estimated as necessary in the specifications but, in fact, found not necessary or, in fact, not constructed by the plaintiff.

It also alleges that the defendant has paid the plaintiff a total of $1,359 on account of work on the piles and caissons of the "By-Pass and Effluent Channel", but,

though often requested, has refused to pay the balance of $11,571.10. (It is to be noted that certain figures used in the plaintiff's complaint were not correct.)

The defendant, in its answer, denied that the plaintiff had completed all of its obligations under the contract; denied the plaintiff's allegation of the price agreed upon and the plaintiff's allegation of the amount defendant was entitled to for deductions. It admitted the payment of $1,360.50, and then followed by denying all other paragraphs of the plaintiff's complaint.

The defendant, for an affirmative defense, plead payment in full. Thereafter the plaintiff filed requests for admissions, and the defendant filed a statement of the defendant upon plaintiff's request for admission. Following this, the plaintiff filed its Motion for Summary Judgment, and submitted with this motion affidavits of two witnesses. The defendant filed counter affidavits in opposition to the plaintiff's Motion for Summary Judgment, together with a Motion for Summary Judgment for the defendant.

The case came on for hearing before this Court on the 20th of April, 1953, on the plaintiff's Motion for Summary Judgment and the defendant's counter Motion for Summary Judgment.

From a reading of the files, from statements made by counsel for both parties at the oral argument, and from consideration of briefs filed, the Court finds the following facts:

The plaintiff and defendant entered a written contract on August 8, 1950, and in accordance with that contract, plaintiff received a contract order, No. 752–114, dated August 8, 1950.

The contract order of August 8, 1950 provided, amongst other things, that "the following unit prices are to apply for additions and deductions as follows:

Item 8a—18″ cast-in-place concrete piles @ Twelve and no/100 Dollars ($12.00) per linear foot

Item 8b—24″ cast-in-place concrete piles @ Fourteen and no/100 Dollars ($14.00) per linear foot

Item 8c—30″ concrete-filled caissons @ Fifteen and no/100 Dollars ($15.-00) per linear foot

Item 8d—36″ concrete-filled caissons @ Eighteen and no/100 Dollars ($18.00) per linear foot

Item 8e—40″ concrete-filled caissons @ Twenty-Four and no/100 Dollars ($24.00) per linear foot

Item 8f—44″ concrete-filled caissons @ Twenty-Six and no/100 Dollars ($26.00) per linear foot

Item 8g—54″ concrete-filled caissons @ Forty-Four and no/100 Dollars ($44.00) per linear foot"

On December 21, 1950, the defendant, in accordance with its original contract, issued a further contract order to the plaintiff, entitled "Change Order No. 2". Part of this "Change Order No. 2" provided as follows:

"Item No. 4
By-pass and Effluent Channel:
       34—18″ piles
       18—24″ piles
        4—30″ caissons
        4—48″ caissons
Outfall: 230—24″piles
        6—30″ caissons
        3—36″ caissons
    For The Sum Of    $64,782.00"

Thereafter, on May 4, 1951, the defendant issued another contract order entitled "Change Order No. 3", the material part of which read as follows:

"Eliminate the following:
"All caisson and pile work in the Outfall Conduit and Outfall Chamber in accordance with your letter of April 18, 1951, for a total deduction from contract price of ............ $46,050.00"

Thus, Change Order No. 2, in Item 4, provided for the erection of certain piles and caissons in both the "By-Pass and Effluent Channel" and in the "Outfall", all for the sum of $64,782. Change Order No. 3 eliminated the caisson and pile work in the "Outfall", which elimination amounted to $46,050. Thus, by the contract and Change Orders Nos. 2 and 3, there was left a contract price of $18,732 for the "By-Pass and Effluent Channel" work.

The Court further finds that during the construction of the piles and caissons in the "By-Pass and Effluent Channel", a substantial part of the work contracted to be done by the plaintiff was eliminated by the defendant, with the result that the plaintiff actually built 46.5 linear feet of 18″ piles, as against the original contracted total of 286.05 linear feet; no 24″ piles, as against an originally contracted total of 204.1 linear feet; 53.5 linear feet of 30″ caissons, as against an originally contracted total of 57.4 linear feet; and no 48″ caissons, as against an originally contracted total of 33.45 linear feet. If the *elimination* of a substantial number of these caissons and piles is a *deduction* under the terms of the contract, then the defendant is entitled to have deducted from its contract price the sum of $6,666.20. As heretofore stated, the Court finds that the contract price for piles and caissons for the "By-Pass and Effluent Channel" and "Outfall" was $64,782; that the contract price for the piles and caissons in the "Outfall" was $46,050; thus that the contract price for the piles and caissons in the "By-Pass and Effluent Channel" was $18,732; that there has been paid $1,360.-50; that the defendant is entitled to a deduction of $6,666.20 for the elimination of the piles and caissons ordered not to be constructed by Change Order No. 3; and that there was due and unpaid as of August 21, 1951, $10,705.30.

## Conclusions of Law

This claim seems one that is aptly fitted for a motion for summary judgment. There is no genuine issue of material fact in this case. The motions for summary judgment strike at the heart of the claim and of the cross-claim. A motion for summary judgment is proper where it is simply a matter of a question of law and there is no issue of material fact. Bartle v. Travelers Ins. Co., 5 Cir., 171 F.2d 469. Furthermore, if both parties move for summary judgment, as was done here, each, for the purpose of its motion, concedes and affirms

that there is no issue of fact to be decided. Fox v. Johnson & Wimsatt, Inc., 75 U.S. App.D.C. 211, 127 P.2d 729.

From the pleadings, from the briefs, from the arguments of counsel, it is apparent that there is no disagreement about the following facts:

(a) The plaintiff and defendant entered into a contract on August 8, 1950;

(b) By virtue of the terms of this contract, a contract order was issued on August 8, 1950, and thereafter, in accordance with the terms of the contract, Change Orders Nos. 2 and 3 were issued. There has been no breach of the contract by either party, nor has either party rescinded the contract;

(c) There has been paid on that part of the contract dealing with the piles and caissons for the "By-Pass and Effluent Channel", the sum of $1,360.50. If the "additions and deductions" part of the contract applies to elimination of piles and caissons, the defendant is entitled to a deduction from the contract price of $6,666.20.

The sole contentions at issue in this case are:

(1) Does the "additions and deductions" clause apply in the case of the elimination of caissons and piles?

(2) Has there been final payment by the defendant to the plaintiff?

■ Both of these are matters of law for the Court to decide. The first question is a matter of the interpretation of the contract. The defendant contends that the "additions and deductions" clause was not to be applied as a measure of damages in the event of complete elimination of the caisson work. This Court does not think that the defendant is sound in its contention. As this Court construes the contract, the defendant must pay the plaintiff the contract price, less the amount for deductions. Otherwise where is the value of the contract? No one claims that the contract has been rescinded or breached. The type of contract here executed is a familiar one in construction work. It provides for a basic price, with adjustments for additions and deductions. The basic price type assures the contractor payment at least for

some of his overhead, for the cost of moving equipment to the job, for estimating, bonds, and the like. The assurance that it would not have to bear the risk of loss of its overhead and expense of moving equipment affects the price one will bid for a job. In fact, the defendant apparently has interpreted the contract in this same manner, since it has paid the plaintiff $1,360.50 on account of the work done on the "By-Pass and Effluent Channel"; and this amount is based on the footage of the caissons actually constructed at the rates given for additions and deductions. Thus, this Court does not sustain the defendant's position on the first question.

■ The second question is whether or not the plaintiff's receipt and deposit of a check constituted final payment as defined in the contract order. Article 26 of the original contract reads as follows:

"The acceptance by the Subcontractor of the final payment under this agreement (the words 'final payment' referring to and being intended to designate the final monies due the Subcontractor hereunder, less any sum or sums retained by the Contractor as provided herein) shall be and shall operate as a complete and unconditional release to the Contractor of any and all existing or future claims, demands or causes of action by the Subcontractor against the Contractor, known or unknown, whatever they may be or howsoever they may arise, as well as for every act and neglect of the Contractor and any person or firm for whom the Contractor shall or may be deemed responsible, except solely the claim of the Subcontractor to the retained percentage withheld by the Contractor as provided for herein."

As shown by defendant's Exhibits 4 and 5, attached to its Cross-Motion for Summary Judgment, the check of $27,410.53 makes no mention of the fact that it is "final payment", nor does the voucher make any mention of "final payment". It clearly does not come within the terms of the contract as being a final payment and, therefore, there was no release to the defendant.